UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Ste. 250
Melville, New York 11747
(631) 247-0404

*ATTORNEY OF RECORD:*
    JEFFREY W. BRECHER, ESQ.
    ALEX VILLANELLA, ESQ.
    HEATHER C. HILI, ESQ.

---------------------------------------------------------------------------x

BRIAN CHAN, CHRISTOPHER CABANILLA,
CHUN H. LIU, JOHN SCOTTO, DANIEL
VACCARO, DAVID CHEUNG, DOMINICK
CELANO, PHILIP CELANO, EDWARD
CHEUNG, PETER CHEUNG, KENNY YEUNG,
LOUIS DISTEFANO, HELEN DOUGHERTY,
JAROSLAW KUZNICKI, JOHN GILMORE,
JOSE A. DIAZ,  KIEN LEE,  KEVIN GRANDE,
LENNY CESARE, MAGDALENA CABANILLA,
ROBERT BUSH, MICHAEL TALIERCIO,
MICHAEL  RADOVICH, DRAGAN RADOVICH,
PHILIP CESARE, PHILIP MARCHESE,
PHILIPPE CABANILLA, STEPHEN
PETROGLIA, TIM CHAN, TOMMY PENG,
VICKI PENG, VICTOR CHAMORRO, and
VINCENT MUSTACCHIA,

|  |  |
|---|---|
|  | Plaintiffs, |

-against-

BIG GEYSER, INC., LEWIS HERSHKOWITZ,
GERARD A. REDA, LYNN HERSHKOWITZ,
STEVEN HERSHKOWITZ, ERIC CELT, RON
GENOVESE, MIKE WODISKA, KAYTE
MOONEY, and DENNIS TOMPKINS,

Defendants,

And

EMPIRE EASTSIDE BEVERAGE INC.,  BRONX

**DEFENDANTS' ANSWER TO
THE AMENDED
COMPLAINT AND
COUNTERCLAIM**

Civil Action No.: 17-CV-6473-
ALC

BULL BEVERAGE LLC, F.Y.L.
DISTRIBUTIONS INC., QUEENSBORO
BEVERAGES INC., TASTE-D BEVERAGE INC.,
CIRCLE BEVERAGE INC., DNV BEVERAGE
INC., BLIZZARD BEVERAGE INC., E & K
BEVERAGE INC., BOW BEVERAGE INC.,
TWISTED DISTRIBUTORS INC., COOL
SPRINGS CORP., ONE DROP DISTRIBUTORS
INC., DAISY BEVERAGE CORP., MIDTOWN
MUSCLE LLC, OMG BEVERAGE INC., ICON
BEVERAGE INC., FAMILY BEVERAGE INC.,
THIRSTY CITY BEVERAGE INC., MARI B
BEVERAGE CORP., MATCO DISTRIBUTORS
INC., GREENWAY DISTRIBUTING CORP.,
BOARDWALK BEVERAGE INC., VAM
BEVERAGE CORP., BELLA VITA BEV INC.,
CABANILLA CORP., BEACHSTONE
BEVERAGE INC., T & J BEVERAGE INC., ATS
BEVERAGE INC., BECA BEVERAGE INC., V &
K BEVERAGE TRADING INC., J & S POWER
BEVERAGE INC.,

Additional Defendants

on **Counterclaim**

TO:   Susan E. Galvão, Esq.
      Stephen J. Brown, Esq.
      Bleakley Platt & Schmidt, LLP
      *Attorneys for Plaintiffs*
      One North Lexington Avenue
      White Plains, New York 10601
      Tel: (914) 287-6193

Defendants, sued herein as, BIG GEYSER, INC., LEWIS HERSHKOWITZ,

GERARD A. REDA, LYNN HERSHKOWITZ, STEVEN HERSHKOWITZ, ERIC CELT,

RON GENOVESE, MIKE WODISKA, KAYTE MOONEY, and DENNIS TOMPKINS

(collectively "Defendants"), by and through their undersigned counsel, hereby respond

to the allegations in Plaintiffs' Amended Complaint ("Complaint") as follows:

2

## AS TO "INTRODUCTION"

1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint, except admit Plaintiff purports to bring an action as alleged, but deny Plaintiffs are entitled to any relief.

2.      Defendants deny the allegations contained in paragraph 2 of the Complaint, except admit that Defendant Big Geyser, Inc. distributes non-alcoholic beverages and snacks in New York, and refer the Court to the source cited for its full content.

3.      Defendants deny the allegations contained in Paragraph 3 of the Complaint, except admit that Big Geyser, Inc. distributes non-alcoholic beverages, with the particular brand of beverage varying over time.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of the Complaint, except refer the Court to the Complaint for a description of the relief sought by Plaintiffs, and deny Plaintiffs are entitled to any relief.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint, except refer the Court to the Complaint for a description of the relief sought by Plaintiffs, but deny Plaintiffs are entitled to any relief.

## AS TO "JURISDICTION AND VENUE"

8.      Defendants deny the allegations contained in Paragraph 8 of the Complaint, except refer the Court to the Complaint for a description of the relief sought by Plaintiffs, but deny Plaintiffs are entitled to any relief.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint, except admit Plaintiffs purport to invoke the jurisdiction and supplemental jurisdiction of the Court pursuant to the statutes cited therein, but deny Plaintiffs are entitled to any relief whatsoever.

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint, except admit that to the extent jurisdiction is properly exercised, venue is proper in this District.

## AS TO "THE FACTS SUPPORTING RELIEF"

### A.      As to "Defendant Big Geyser, Inc."

11.     Defendants deny the allegations contained in Paragraph 11 of the Complaint, except admit Big Geyser, Inc. is a Delaware corporation with a principal place of business located at 57-65 48th Street, Maspeth, New York 11378 and that it is authorized to do business in New York.

12.     Defendants deny the allegations contained in Paragraph 12 of the Complaint, except admit that Defendant Big Geyser, Inc. distributes non-alcoholic beverages in New York.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

**B.     As to "The Individual Defendants – Employers Under Federal and State Law"**

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint, except admit Lewis Hershkowitz is the Chief Executive Officer and part-owner of Big Geyser, Inc.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint, except admit Gerard Reda is the Chief Operating Officer of Big Geyser., Inc.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint, except admit Eric Celt is the Chief Financial Officer of Big Geyser, Inc.

24.    Defendants deny the allegations contained in Paragraph 24 of the Complaint, except admit Steven Hershkowitz is the Vice President of Customer Service and part-owner of Big Geyser, Inc.

25.    Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.    Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.    Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.    Defendants deny the allegations contained in Paragraph 28 of the Complaint, except admit that Dennis Tomkins is the Manhattan Borough Manager of Big Geyser., Inc.

29.    Defendants deny the allegations contained in Paragraph 29 of the Complaint, except admit Katherine Mooney is the Staten Island Borough Manager of Big Geyser, Inc.

30.    Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.    Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.    Defendants deny the allegations contained in Paragraph 32 of the Complaint.

**C.    As to "The Plaintiffs"**

33.    Defendants deny the allegations contained in Paragraph 33 of the Complaint, except deny knowledge or information sufficient to form a belief as to

Plaintiff Victor Chamorro's age and residence, and admit that Plaintiff Victor Chamorro signed a Distributor Agreement on behalf of V&K Beverages Trading, Inc.

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff John Scotto's age and residence, and admit that Plaintiff John Scotto signed a Distributor Agreement on behalf of Queens Boro Beverages Inc.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Tim Chan's age and residence, and admit that Plaintiff Tim Chan signed a Distributor Agreement on behalf of T&J Distributors, Inc.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Kevin Grande's age and residence, and admit that Plaintiff Kevin Grande signed a Distributor Agreement on behalf of Midtown Muscle LLC.

37.    Defendants deny the allegations contained in Paragraph 37 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Jaroslaw Kuznicki's age and residence, and admit that Plaintiff Jaroslaw Kuznicki signed a Distributor Agreement on behalf of Cool Springs Corp.

38.    Defendants deny the allegations contained in Paragraph 38 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Brian Chan's age and residence, and admit that Plaintiff Brian Chan signed a Distributor Agreement on behalf of Empire East Side Beverage Inc.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Louis Distefano's age and residence.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Helen Dougherty's age and residence, and admit Dougherty worked for Twisted Distributors, Inc.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Kenny Yeung's age and residence, and admit that Plaintiff Kenny Yeung signed a Distributor Agreement on behalf of E & K Beverage Inc..

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Edward Cheung's age and residence, and admit that Plaintiff Edward Cheung signed a Distributor Agreement on behalf of E & K Beverage Inc..

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Tommy Peng's age and residence, and admit that Plaintiff Tommy Peng signed a Distributor Agreement on behalf of ATS Beverage Inc.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Vicki Peng's age and residence, and admit Plaintiff Vicki Peng signed a Distributor Agreement on behalf of BeCa Beverage Inc.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff David Cheung's age and residence, and admit that Plaintiff David Cheung signed a Distributor Agreement on behalf of DNV Beverage Inc. and Circle Beverage Inc.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Peter Cheung's age and residence, and admit, upon information and belief, Cheung worked for DNV Beverage Inc.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Robert Bush's age and residence, and admit that Plaintiff Robert Bush signed a Distributor Agreement on behalf of Mari-B Beverage.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Jose A. Diaz's age and residence, and admit that Plaintiff Jose A. Diaz signed a Distributor Agreement on behalf of Daisy Beverage Corp.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Philip Cesare's age and residence, and admit that Plaintiff Philip Cesare signed a Distributor Agreement on behalf of Boardwalk Beverage Inc.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Stephen Petroglia's age and residence, and admit that Plaintiff Stephen Petroglia signed a Distributor Agreement on behalf of Beachstone Beverage, Inc.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Magdalena Cabanilla's age and residence, and admit that Plaintiff Magdalena Cabanilla signed a Distributor Agreement on behalf of Thirsty City Beverage Inc.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Philippe Cabanilla's age and residence, and admit that Plaintiff Philippe Cabanilla signed a Distributor Agreement on behalf of Cabanilla Corporation and Bella Vita Bev Inc.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Christopher Cabanilla's age and residence, and except admit that Plaintiff Christopher Cabanilla signed a Distributor Agreement on behalf of Bronx Bull Beverage LLC.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Vincent Mustacchia's age and residence, and admit that Plaintiff Vincent Mustacchia signed a Distributor Agreement on behalf of J&S Power Beverages, Inc.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Michael Talierico's age and residence, and admit that Plaintiff Michael Talierico signed a Distributor Agreement on behalf of Matco Distributors Inc.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint, except deny knowledge or information sufficient to form a belief as to

Plaintiff Philip Marchese's age and residence, and admit that Plaintiff Philip Marchese signed a Distributor Agreement on behalf of VAM Beverage Corp.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Lenny Cesare's age and residence, and admit that Plaintiff Lenny Cesare signed a Distributor Agreement on behalf of Family Beverage, Inc.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Chun H. Liu's age and residence, and admit that Plaintiff Chun H. Liu signed a Distributor Agreement on behalf of FYL Distributions Inc.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Dragan Radovich's age and residence, and admit that Plaintiff Dragan Radovich signed a Distributor Agreement on behalf of Greenway Distributing Corp.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Michael Radovich's age and residence, and upon information and belief, admit Michael Radovich worked for Greenway Distribution Corp.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff John Gilmore's age and residence, and admit that Plaintiff John Gilmore signed a Distributor Agreement on behalf of One Drop Distributors Inc.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint, except deny knowledge or information sufficient to form a belief as to

Plaintiff Dominick Celano's age and residence, and admit that Plaintiff Dominick Celano signed a Distributor Agreement on behalf of Blizzard Beverage Corp.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Phil Celano's age and residence, and admit that Plaintiff Phil Celano signed a Distributor Agreement on behalf of Blizzard Beverage Corp.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Daniel Vaccaro's age and residence, and admit that Plaintiff Daniel Vaccaro signed a Distributor Agreement on behalf of Taste-D Beverage Inc.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff Kien Lee's age and residence, and admit that Plaintiff Kien Lee signed a Distributor Agreement on behalf of Icon Beverage Inc.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 and subparagraphs (a) through (j) of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

## D.     As to "The 'Distributor Agreements' and the Realities of the Employer-Employee Relationship Between Defendants and Plaintiffs"

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint, and refer the Court to the Distributor Agreements and Independent Route Owner Handbooks for their full content and meaning.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

**E.      <u>As to "The Misclassification of Plaintiffs as 'Independent Contractors' – and the Many Indicia of the True Employer-Employee Relationship"</u>**

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint, and refer the Court to the Distributor Agreements for their full content and meaning.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint, and subparagraphs (a) through (qq) therein.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

## F.     As to "Defendants Have Unlawfully Retaliated Against Plaintiffs in Response to Plaintiffs' Exercise of Rights"

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiffs' purported consultation with legal counsel.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiffs' meeting with and engagement of counsel.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.     Defendants deny knowledge or information sufficient to form a belief as to allegations contained in Paragraph 96 of the Complaint, except admit a letter dated July 21, 2017 was sent to Big Geyser and refer the Court to this letter for its full content and meaning.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint, except refer the Court to the July 21, 2017 letter for its full content and meaning.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint, except refer the Court the document cited for its full content and meaning.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.    Defendants deny the allegations contained in Paragraph 109 of the Complaint, except admit that by letter dated August 3, 2017, Big Geyser notified Philip Marchese, President of VAM Beverage Corp. that it would buy back VAM Beverage

Corp.'s route with the closing to occur at Big Geyser's Maspeth, Queens office on August 18, 2017.

110.   Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.   Defendants deny the allegations contained in Paragraph 111 of the Complaint, except refer the Court to the correspondence identified for its full content and meaning.

112.   Defendants deny the allegations contained in Paragraph 112 of the Complaint, except refer the Court to the correspondence identified for its full content and meaning.

113.   Defendants deny the allegations contained in Paragraph 113 of the Complaint, except admit Mr. Marchese defaulted on his promissory notes.

114.   Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.   Defendants deny the allegations contained in Paragraph 115 of the Complaint, except admit John Scotto had an outstanding balance for unpaid invoices.

116.   Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.   Defendants deny the allegations contained in Paragraph 117 of the Complaint, except refer the Court to the August 17, 2017 correspondence for it full content and meaning.

118.   Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.    Defendants deny the allegations contained in Paragraph 119 of the Complaint, except admit both Mr. Marchese and Mr. Scotto did not proceed with the sale of their distribution routes.

120.    Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.    Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of the Complaint, except admit Big Geyser initiated a lawsuit against Mr. Marchese and VAM Beverages (Queens Cty. Index No. 713307/2017) and against Mr. Scotto and Queens Boro Beverage, Inc. (Queens Cty. Index 713305/2017).

123.    Defendants deny the allegations contained in Paragraph 123 of the Complaint, except refer the Court to the Complaint referenced for its full content and meaning.

124.    Defendants deny the allegations contained in Paragraph 124 of the Complaint, except refer the Court to the Complaint referenced for its full content and meaning.

125.    Defendants deny the allegations contained in Paragraph 125 of the Complaint, except refer the Court to the Complaint referenced for its full content and meaning.

126.    Defendants deny the allegations contained in Paragraph 126 of the Complaint, except refer the Court to the Complaint referenced for its full content and meaning.

127.    Defendants deny the allegations contained in Paragraph 127 of the Complaint, except refer the Court to the Complaints referenced for thier full content and meaning.

128.    Defendants deny the allegations contained in Paragraph 128 of the Complaint.

## AS TO "PLAINTIFFS' CLAIMS AGAINST EACH AND EVERY DEFENDANT"

### AS TO "COUNT I
### FAILURE TO PAY MINIMUM OR ANY WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, *ET SEQ.*)"

129.    Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 128 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

130.    Defendants deny the allegations contained in Paragraph 130 of the Complaint and refer the Court to the statutes cited therein for their full content and meaning.

131.    Defendants admit that Big Geyser Inc.'s gross revenue for each of the last three (3) years was over $500,000.

132.    Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.     Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.     Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.     Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139.     Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140.     Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.     Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.     Defendants deny the allegations contained in Paragraph 142 of the Complaint.

## AS TO "COUNT II
## FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, *ET SEQ.*)"

143.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 142 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

144.     Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145.     Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations contained in Paragraph 146 of the Complaint, except Defendants aver Plaintiffs were independent contractors, not employees, and thus not covered employees under the FLSA or New York Labor Law.

147.    Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.    Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149.    Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150.    Defendants deny the allegations contained in Paragraph 150 of the Complaint.

### AS TO "COUNT III
### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF ARTICLE 6 AND 19 OF THE NEW YORK LABOR LAW AND 12 NYCRR § 142-2.1)"

151.    Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 150 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

152.    Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153.    Defendants deny the allegations contained in Paragraph 153 of the Complaint.

154.    Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155.    Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156.     Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157.     Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158.     Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159.     Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160.     Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161.     Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162.     Defendants deny the allegations contained in Paragraph 162 of the Complaint.

## AS TO "COUNT IV
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF NYLL AND 12 NYCRR § 142-2.2"

163.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 162 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

164.     Defendants deny the allegations contained in Paragraph 164 of the Complaint, except refer the Court to the statutes cited therein for their full content and meaning.

165.     Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166.    Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167.    Defendants deny the allegations contained in Paragraph 167 of the Complaint.

168.    Defendants deny the allegations contained in Paragraph 168 of the Complaint.

169.    Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of the Complaint.

**AS TO "COUNT V**
**FAILURE TO PROVIDE WAGES AND BENEFITS IN VIOLATION OF NYLL §**
**198-c"**

171.    Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 170 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

172.    Defendants deny the allegations contained in Paragraph 172 of the Complaint and refer the Court to the statutes cited therein for their full content and meaning.

173.    Defendants deny the allegations contained in Paragraph 173 of the Complaint.

174.    Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175.    Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176.     Defendants deny the allegations contained in Paragraph 176 of the Complaint.

## AS TO "COUNT VI
## IMPROPER DEDUCTIONS FROM WAGES AND FAILURE TO REIMBURSE EXPENSES IN VIOLATION OF NYLL §§ 193, 198, 198-b AND THE FSLA [SIC] 29 U.S.C. § 206(a), 29 C.F.R. § 531.35"

177.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 176 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

178.     Defendants deny the allegations contained in Paragraph 178 of the Complaint.

179.     Defendants deny the allegations contained in Paragraph 179 of the Complaint.

180.     Defendants deny the allegations contained in Paragraph 180 of the Complaint.

181.     Defendants deny the allegations contained in Paragraph 181 of the Complaint.

182.     Defendants deny the allegations contained in Paragraph 182 of the Complaint.

183.     Defendants deny the allegations contained in Paragraph 183 of the Complaint.

184.     Defendants deny the allegations contained in Paragraph 184 of the Complaint.

185.     Defendants deny the allegations contained in Paragraph 185 of the Complaint.

186.     Defendants deny the allegations contained in Paragraph 186 of the Complaint.

## AS TO "COUNT VII
## IMPROPER DEDUCTIONS FOR 'KICK-BACK' OF WAGES IN VIOLATION OF NYLL § 198-b AND THE FLSA 29 U.S.C. § 206(B), 29 C.F.R. § 531.35"

187.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 186 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

188.     Defendants deny the allegations contained in Paragraph 188 of the Complaint.

189.     Defendants deny the allegations contained in Paragraph 189 of the Complaint.

190.     Defendants deny the allegations contained in Paragraph 190 of the Complaint.

191.     Defendants deny the allegations contained in Paragraph 191 of the Complaint.

192.     Defendants deny the allegations contained in Paragraph 192 of the Complaint.

193.     Defendants deny the allegations contained in Paragraph 193 of the Complaint.

## AS TO "COUNT VIII
## REIMBURSEMENT FOR UNIFORM PURCHASES AND LAUNDERING
## COSTS (PURSUANT TO 12 NYCRR § 142.2.5(C))"

194.    Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 193 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

195.    Defendants deny the allegations contained in Paragraph 195 of the Complaint.

196.    Defendants deny the allegations contained in Paragraph 196 of the Complaint.

## AS TO "COUNT IX
## FAILURE TO PROVIDE NOTICES REQUIRED BY NYLL §§ 195(1)(a), 195(2)
## and 198(1-b) and (4)"

197.    Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 196 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

198.    Defendants deny the allegations contained in Paragraph 198 of the Complaint.

199.    Defendants deny the allegations contained in Paragraph 199 of the Complaint.

200.    Defendants deny the allegations contained in Paragraph 200 of the Complaint.

201.    Defendants deny the allegations contained in Paragraph 201 of the Complaint.

202.     Defendants deny the allegations contained in Paragraph 202 of the Complaint.

203.     Defendants deny the allegations contained in Paragraph 203 of the Complaint.

204.     Defendants deny the allegations contained in Paragraph 204 of the Complaint.

205.     Defendants deny the allegations contained in Paragraph 205 of the Complaint.

206.     Defendants deny the allegations contained in Paragraph 206 of the Complaint.

## AS TO "COUNT X
## FAILURE TO PROVIDE NOTICES REQUIRED BY NYLL §§ 195(3)(a), 198(1-d) and (4)"

207.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 206 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

208.     Defendants deny the allegations contained in Paragraph 208 of the Complaint.

209.     Defendants deny the allegations contained in Paragraph 209 of the Complaint.

210.     Defendants deny the allegations contained in Paragraph 210 of the Complaint.

211.     Defendants deny the allegations contained in Paragraph 211 of the Complaint.

**AS TO "COUNT XI**
**FAILURE TO PAY SPREAD OF HOUR WAGES IN VIOLATION OF NYLL §
650 *ET SEQ*. AND 12NYCRR § 142-2.4"**

212.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 211 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

213.     Defendants deny the allegations contained in Paragraph 213 of the Complaint.

214.     Defendants deny the allegations contained in Paragraph 214 of the Complaint, except refer the Court to the laws cited therein for their full content and meaning.

215.     Defendants deny the allegations contained in Paragraph 215 of the Complaint.

216.     Defendants deny the allegations contained in Paragraph 216 of the Complaint.

217.     Defendants deny the allegations contained in Paragraph 217 of the Complaint.

218.     Defendants deny the allegations contained in Paragraph 218 of the Complaint.

**AS TO "COUNT XII**
**FAILURE TO MAINTAIN AND PRESERVE CONTEMPORANEOUS WAGE
AND HOUR RECORDS IN VIOLATION OF NEW YORK LABOR LAW §§ 195,
661"**

219.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 218 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

220.    Defendants deny the allegations contained in Paragraph 220 of the Complaint.

221.    Defendants deny the allegations contained in Paragraph 221 of the Complaint.

222.    Defendants deny the allegations contained in Paragraph 222 of the Complaint.

<u>AS TO "COUNT XIII</u>
**RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 215(a)(3) AND 218(c)"**

223.    Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 222 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

224.    Defendants deny the allegations contained in Paragraph 224 of the Complaint.

225.    Defendants deny the allegations contained in Paragraph 225 of the Complaint.

226.    Defendants deny the allegations contained in Paragraph 226 of the Complaint.

227.    Defendants deny the allegations contained in Paragraph 227 of the Complaint.

228.    Defendants deny the allegations contained in Paragraph 228 of the Complaint.

## AS TO "COUNT XIV
## RETALIATION IN VIOLATION NYLL § 215"

229.    Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 228 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

230.    Defendants deny the allegations contained in Paragraph 230 of the Complaint.

231.    Defendants deny the allegations contained in Paragraph 231 of the Complaint.

232.    Defendants deny the allegations contained in Paragraph 232 of the Complaint.

## AS TO "COUNT XV
## COMMON LAW FRAUD AND RESCISSION"

233.    Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 232 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

234.    Defendants deny the allegations contained in Paragraph 234 of the Complaint.

235.    Defendants deny the allegations contained in Paragraph 235 of the Complaint.

236.    Defendants deny the allegations contained in Paragraph 236 of the Complaint.

237.    Defendants deny the allegations contained in Paragraph 237 of the Complaint.

238.     Defendants deny the allegations contained in Paragraph 238 of the Complaint.

239.     Defendants deny the allegations contained in Paragraph 239 of the Complaint.

240.     Defendants deny the allegations contained in Paragraph 240 of the Complaint.

241.     Defendants deny the allegations contained in Paragraph 241 of the Complaint.

242.     Defendants deny the allegations contained in Paragraph 242 of the Complaint.

243.     Defendants deny the allegations contained in Paragraph 243 of the Complaint.

244.     Defendants deny the allegations contained in Paragraph 244 of the Complaint.

## AS TO "COUNT XVI
## UNJUST ENRICHMENT UNDER NEW YORK LAW"

245.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 244 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

246.     Defendants deny the allegations contained in Paragraph 246 of the Complaint.

247.     Defendants deny the allegations contained in Paragraph 247 of the Complaint.

248.     Defendants deny the allegations contained in Paragraph 248 of the Complaint.

249.     Defendants deny the allegations contained in Paragraph 249 of the Complaint.

## AS TO "COUNT XVII
## DECLARATORY JUDGMENT PURSUANT TO 29 U.S.C. § 2201"

250.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 249 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

251.     Defendants deny the allegations contained in Paragraph 251 of the Complaint.

252.     Defendants deny the allegations contained in Paragraph 252 and subparts (a)(1)-(6) through (d) therein of the Complaint.

253.     Defendants deny the allegations contained in Paragraph 253 of the Complaint.

254.     Defendants deny the allegations contained in Paragraph 254 of the Complaint, except admit Plaintiffs' purport to seek the relief described therein, but deny Plaintiffs' entitlement to such relief.

## AS TO "COUNT XVIII
## VIOLATIONS OF NEW YORK FRANCHISE ACT (NYGBL Article 33 and 13 NYCRR Part 200)"

255.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 254 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

256.     Defendants deny the allegations contained in Paragraph 256 of the Complaint and refer the Court to the statutes cited therein for their full content and meaning.

257.     Defendants deny the allegations contained in Paragraph 257 of the Complaint.

258.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 258 of the Complaint.

259.     Defendants deny the allegations contained in Paragraph 259 of the Complaint.

260.     Defendants deny the allegations contained in Paragraph 260 of the Complaint.

261.     Defendants deny the allegations contained in Paragraph 261 of the Complaint and refer the Court to the statutes cited therein for their full content and meaning..

262.     Defendants deny the allegations contained in Paragraph 262 of the Complaint.

263.     Defendants deny the allegations contained in Paragraph 263 of the Complaint.

264.     Defendants deny the allegations contained in Paragraph 264 of the Complaint.

265.     Defendants deny the allegations contained in Paragraph 265 of the Complaint.

266.     Defendants deny the allegations contained in Paragraph 266 of the Complaint.

267.     Defendants deny the allegations contained in Paragraph 267 of the Complaint.

268.     Defendants deny the allegations contained in Paragraph 268 of the Complaint.

269.     Defendants deny the allegations contained in Paragraph 269 of the Complaint.

270.     Defendants deny the allegations contained in Paragraph 270 of the Complaint.

271.     Defendants deny the allegations contained in Paragraph 271 of the Complaint.

272.     Defendants deny the allegations contained in Paragraph 272 of the Complaint.

## AS TO "RELIEF REQUESTED"

Defendants deny the allegations contained in Plaintiffs' "WHEREFORE" clause and subparagraphs (a) through (j) therein and deny Plaintiffs' are entitled to the relief sought therein.

## AS TO THE JURY DEMAND

Defendants deny Plaintiffs are entitled to a trial by jury as to all claims alleged.

## ADDITIONAL AVERMENTS

Defendants deny all claims and allegations not unequivocally admitted herein.

## STATEMENT OF AFFIRMATIVE DEFENSES
## AND OTHER DEFENSES

Without assuming any burden of production or proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants assert the following defenses to Plaintiffs' claims:

### AS AND FOR A FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable limitations periods.

### AS AND FOR A THIRD DEFENSE

The claims of Plaintiffs in the Complaint are barred in whole or in part to the extent work performed falls within exemptions, exclusions, or credits provided for in 29 U.S.C. §213(a)(1) (executive, administrative, outside sales); the exemption applicable to highly-compensated employees (29 C.F.R. § 541.601) or a combination of said exemptions, and the corresponding exceptions provided under New York Labor Law, 12 NYCRR §§142-2.2, 142-2.14.

### AS AND FOR A FOURTH DEFENSE

Plaintiffs were not "employees" of any Defendant under any applicable law, including but not limited to, the Fair Labor Standards Act or the New York Labor Law and its implementing regulations; rather they were and are independent contractors.

## AS AND FOR A FIFTH DEFENSE

No Defendant was an "employer" of Plaintiffs under any applicable law, including but not limited to, the Fair Labor Standards Act or the New York Labor Law and its implementing regulations; rather they were and are independent contractors.

## AS AND FOR A SIXTH DEFENSE

Plaintiffs did not wear "required uniforms" within the meaning of the New York Labor Law and its implementing regulations.  To the extent any Plaintiff wore a required uniform, Plaintiffs compensation exceeded any uniform maintenance pay requirement, and thus no uniform maintenance payment is due.

## AS AND FOR AN SEVENTH DEFENSE

Defendants are entitled to a credit/set-off for any payments received by Plaintiffs while acting as purported employees of Defendants.

## AS AND FOR AN EIGHTH DEFENSE

At all relevant times, Defendants have acted in good faith and with reasonable grounds for believing that they had not violated the relevant provisions of federal and/or state law within the meaning of 29 USC § 259, 29 USC § 260 and/or NYLL § 198.

## AS AND FOR A NINTH DEFENSE

Plaintiffs cannot establish a willful violation under the FLSA or the New York Labor Law and, as such, the FLSA limitation period is two years and liquidated damages cannot be recovered under any statute.

## AS AND FOR AN TENTH DEFENSE

The Complaint fails to state facts sufficient to constitute a claim for which penalties can be awarded.

## AS AND FOR A ELEVENTH DEFENSE

In the event that one or more Plaintiffs is found to be a non-exempt employee entitled to minimum wage or overtime compensation (which Defendants expressly deny), Defendants are entitled to an offset against such minimum wage and overtime compensation for any and all compensation paid to such Plaintiffs for which Plaintiffs were not eligible, and to which Plaintiffs were not entitled, as non-exempt employees.

## AS AND FOR A TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the equitable doctrines of unclean hands, unjust enrichment, laches, offset and/or set off and/or estoppel.

## AS AND FOR A THIRTEENTH DEFENSE

Any damages that one or more Plaintiffs could recover are barred or reduced by his or her failure to mitigate damages.

## AS AND FOR A FOURTEENTH DEFENSE

All or part of the time for which Plaintiffs seek compensation is not compensable work time, including but not limited to hours during which these individuals were engaged in activities that were preliminary or postliminary to their alleged work activities under the Portal-to-Portal Act and New York law.

## AS AND FOR A FIFTHTEENTH DEFENSE

The Complaint fails to state a claim upon which attorneys' fees or costs can be awarded.

## AS AND FOR A SIXTEENTH DEFENSE

Defendants were not required to provide any notice pursuant to New York Labor Law § 195 to any Plaintiff, to the extent they were employees (which Defendants

expressly deny), if they commenced or concluded employment with Defendants prior to the enactment of such requirement.

### AS AND FOR AN SEVENTHEENTH DEFENSE

Plaintiffs' claims pursuant to New York Labor Law § 195 are barred because, to the extent that such individuals did not receive any required notice or statement pursuant to that Law, Defendants reasonably believed in good faith that they were not required to provide the employee with such notice or statement pursuant to the law.

### AS AND FOR A EIGHTEENTH DEFENSE

Plaintiffs' claims for recordkeeping violations brought under any provision of New York Labor Law or implementing regulations other than NYLL § 198 fail because there is no private right of action for violation of such provision.

### AS AND FOR A NINETEENTH DEFENSE

To the extent the Plaintiffs have released, waived or abandoned any of the claims alleged in the Complaint or executed a contractual waiver or agreement contrary to their claims herein, their claims are barred by such release, waiver, agreement or abandonment.

### AS AND FOR A TWENTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part by their knowing and voluntary agreement to and participation in the compensation agreements which they now claim are illegal.

### AS AND FOR A TWENTY-FIRST DEFENSE

Any claim for relief which may be stated in the Complaint is barred to the extent that Plaintiffs have failed to comply with Rule 9(b) of the Federal Rules of Civil Procedure in alleging the relevant cause of action.

### AS AND FOR A TWENTY-SECOND DEFENSE

Count XVII is barred because Big Geyser is not a franchisor as defined in Section 681 of the General Business Law.

### AS AND FOR A TWENTY-THIRD DEFENSE

Count XVIII is barred because Plaintiffs allege problems and/or disputes that allegedly occurred during the court of the parties' relationship -- after the alleged agreements were entered into.

\* \* \* \* \* \* \* \*

In addition to the foregoing defenses, Defendants retain the right to amend their Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiffs or any putative class members who join this action as those claims become known during this litigation.

**WHEREFORE**, Defendants request that the Court:

(a)     dismiss with prejudice the Amended Complaint;

(b)     deny each and every demand, claim and prayer for relief contained in the Amended Complaint;

(c)     award to Defendants reimbursement for its costs and attorneys' fees; and,

(d)     grant such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

NOW COMES Defendants Big Geyser, Inc., Lewis Hershkowitz, Gerard A. Reda, Lenora Hershkowitz[1], Steven Hershkowitz, Eric Celt, Ronald Genovese[2], Michael Wodiska[3], Kathryn Mooney[4], and Dennis Tompkins (collectively "Defendants") by and through counsel, and for their Counterclaim against Plaintiffs Brian Chan, Christopher Cabanilla, Chun H. Liu, John Scotto, Daniel Vaccaro, David Cheung, Dominick Celano, Philip Celano, Edward Cheung, Peter Cheung, Kenny Yeung, Louis DiStefano, Helen Dougherty, Jaroslaw Kuznicki, John Gilmore, Jose A. Diaz, Kevin Grande, Kien Lee, Illuminato Cesare a/k/a Lenny Cesare, Magdalena Cabanilla, Robert Bush, Michael Taliercio, Michael Radovich, Dragan Radovich, Philip Cesare, Phillipe Cabanilla, Stephen Petroglia, Tim Chan, Tommy Peng, Vicki Peng, Victor Chamorro, and Vincent Mustacchia (collectively "Plaintiffs") and against Additional Defendants Empire Eastside Beverage Inc., Bronx Bull Beverage LLC, F.Y.L. Distributions Inc., Queensboro Beverages Inc., Taste-D Beverage Inc., Circle Beverage Inc., DNV Beverage Inc., Blizzard Beverage Inc., E & K Beverage Inc., Bow Beverage Inc., Twisted Distributors Inc., Cool Springs Corp., One Drop Distributors Inc., Daisy Beverage Corp., Midtown Muscle LLC, OMG Beverage Inc., Icon Beverage Inc., Family Beverage Inc.,  Thirsty City Beverage Inc., Mari B Beverage Corp., Matco Distributors Inc., Greenway Distributing Corp., Boardwalk Beverage Inc., VAM Beverage Corp., Bella Vita Bev Inc., Cabanilla Corp., Beachstone Beverage Inc., T & J Beverage Inc., ATS Beverage Inc., BECA Beverage Inc., DNV Beverage Inc., V & K Beverage Trading Inc., J & S Power Beverage Inc. (collectively

---

[1]     Improperly sued herein as "Lynn Hershkowitz."
[2]     Improperly sued herein as "Ron Genovese."
[3]     Improperly sued herein as "Mike Wodiska."
[4]     Improperly sued herein as "Kayte Mooney."

"Additional Defendants") (Plaintiffs and Additional Defendants hereinafter collectively "Counter-Defendants") and state as follows:

## **BACKGROUND**

1. On August 11, 2017, Plaintiffs filed an Amended Complaint against Defendants alleging violation of federal and state law resulting from their alleged misclassification as independent contractors, even though Plaintiffs', through separately incorporated businesses, were parties to a distribution agreement, that made clear Plaintiffs and the corporations on whose behalf they executed the distribution agreement, were operating as independent contractors.

2. The distributor agreement signed by Counter-Defendants clearly identifying them as independent contractors, was also reviewed with them by their own attorneys prior to Counter-Defendants executing the distributor agreements.

3. Plaintiffs cannot have their cake and eat it too.  If Plaintiffs are, as they allege, employees of Defendants, which Defendants deny, Plaintiffs cannot seek minimum wage, overtime, and other damages resulting from their alleged misclassification, but at the same time retain all revenue and profits that were earned while allegedly performing duties as employees.  If Plaintiffs are deemed to be "employees," (which Defendants deny, and assert this counterclaim only the event the Court determines Plaintiffs are employees) any revenue retained by Plaintiffs or the Additional Defendants while operating a distribution route as allegedly "employees" of Defendants, is revenue and property that belongs to Defendants, not the Counter-Defendants, and must be returned to Defendants, with interest.  Further, the amount of revenue and profits retained by Counter-Defendants while operating as alleged "employees" of Defendants more than

off-set any alleged damages sought by Plaintiffs in the Amended Complaint, and thus Plaintiffs are entitled to no relief.

## PARTIES AND JURISDICTION

4. Defendant Big Geyser, Inc. ("Big Geyser") is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 57-65 48th Street, Maspeth, New York 11378.

5. Defendant Lewis Hershkowitz ("Defendant Lewis Hershkowitz") is Chief Executive Officer of Defendant Big Geyser and is an individually named Defendant in the Amended Complaint filed by Plaintiffs on or around August 11, 2017.

6. Defendant Gerard A. Reda ("Defendant Reda") is Chief Operating Officer of Defendant Big Geyser.

7. Defendant Leona Hershkowitz ("Defendant Leona Hershkowitz") is employed by Defendant Big Geyser as the Credit Manager and is an individually named Defendant in the Amended Complaint filed by Plaintiffs on or around August 11, 2017.

8. Defendant Steven Hershkowitz ("Defendant S. Hershkowitz") is Vice President of Customer Service of Defendant Big Geyser and is an individually named Defendant in the Amended Complaint filed by Plaintiffs on or around August 11, 2017.

9. Defendant Eric Celt ("Defendant Celt") is Chief Financial Officer of Defendant Big Geyser and is an individually named Defendant in the Amended Complaint filed by Plaintiffs on or around August 11, 2017.

10. Defendant Ronald Genovese ("Defendant Genovese") is employed by Defendant Big Geyser as the Director of Business Development and is an individually named Defendant in the Amended Complaint filed by Plaintiffs on or around August 11, 2017.

11. Defendant Michael Wodiska ("Defendant Wodiska") is employed by Defendant Big Geyser as the Division Manager and is an individually named Defendant in the Amended Complaint filed by Plaintiffs on or around August 11, 2017.

12. Defendant Kathryn Mooney ("Defendant Mooney") is employed by Defendant Big Geyser as the Brooklyn and Staten Island Borough Manager and is an individually named Defendant in the Amended Complaint filed by Plaintiffs on or around August 11, 2017.

13. Defendant Dennis Tompkins ("Defendant Tompkins") is employed by Defendant Big Geyser as the Manhattan Borough Manager and is an individually named Defendant in the Amended Complaint filed by Plaintiffs on or around August 11, 2017.

14. Defendant Big Geyser distributes non-alcoholic beverages and snacks throughout the five boroughs of New York City, Nassau, Suffolk, Westchester and Putnam counties.

15. Counter-Defendants are the named Plaintiffs in the instant action and the Additional Defendants who are joined in this action as Counter-Defendants pursuant to Rules 13(h) and 20(a)(2) of the Federal Rules of Civil Procedure.

16. Upon information and belief Plaintiff Brian Chan is an individual over the age of 18 and a resident of New York. Mr. Chan is the owner/operator of Empire East Side Beverage Inc. Mr. Chan, on behalf of Empire East Side Beverage Inc., entered into a distributor agreement with Defendant Big Geyser on or about August 29, 2013.

17. Upon information and belief Additional Defendant Empire East Side Beverage Inc. is a New York Corporation, having its principal place of business at 48-12 Oceania Street, Bayside, NY 11364.   Additional Defendant Empire East Side Beverage Inc. entered into distributor agreement with Defendant Big Geyser on or about August 29, 2013.

18. Upon information and belief Plaintiff Christopher Cabanilla is an individual over the age of 18 and a resident of New York. Mr. Cabanilla is the owner/operator of Bronx Bull Beverage LLC. Mr. Cabanilla, on behalf of Bronx Bull Beverage LLC, entered into a distributor agreement with Defendant Big Geyser on or about April 13, 2012.

19. Upon information and belief Additional Defendant Bronx Bull Beverage LLC is a Limited Liability Company having its principal place of business at 76-07 Ditmars Boulevard, #2, East Elmhurst, NY 11370. Additional Defendant Bronx Bull Beverage LLC entered into a distributor agreement with Defendant Big Geyser on or about April 13, 2012.

20. Upon information and belief Plaintiff Chun H. Liu is an individual over the age of 18 and a resident of New Jersey. Mr. Liu is the owner/operator of F.Y.L. Distributions, Inc. Mr. Liu, on behalf of F.Y.L. Distributions, Inc., entered into a distributor agreement with Defendant Big Geyser on or about February 28, 2014.

21. Upon information and belief Additional Defendant F.Y.L. Distributions, Inc. is a New Jersey Corporation having its principal place of business at 301 Beech St., Unit 4E, Hackensack, NJ 07601. Additional Defendant FYL Distributions, Inc. entered into a distributor agreement with Defendant Big Geyser on or about February 28, 2014.

22. Upon information and belief Plaintiff John Scotto is an individual over the age of 18 and a resident of New Jersey. Mr. Scotto is the owner/operator of Queens Boro Beverages Inc. Mr. Scotto, on behalf of Queens Boro Beverages Inc., entered into a distributor agreement with Defendant Big Geyser on or about March 1, 2013.

23. Upon information and belief Additional Defendant Queens Boro Beverages Inc. is a New York Corporation having its principal place of business at 2454 85th Street,

Brooklyn, NY 11214.  Additional Defendant Queens Boro Beverages, Inc. entered into a distributor agreement with Defendant Big Geyser on or about March 1, 2013.

24. Upon information and belief Plaintiff Daniel Vaccaro is an individual over the age of 18 and a resident of New York. Mr. Vaccaro is the owner/operator of Taste D Beverage.  Mr. Vaccaro, on behalf of Taste D Beverage, entered into a distributor agreement with Defendant Big Geyser on or about October 12, 1999 and then executed an amended and restated distributor agreement on or about October 29, 2015.

25. Upon information and belief Additional Defendant Taste D Beverage, Inc. is a New York Corporation having its principal place of business at 52 Lortel Avenue, Staten Island, NY 10314.  Additional Defendant Taste D Beverage, Inc. entered into a distributor agreement with Defendant Big Geyser on or about October 12, 1999 and then an amended and restated distributor agreement on or about October 29, 2015.

26. Upon information and belief Plaintiff David Cheung is an individual over the age of 18 and a resident of New York. Mr. Cheung is the owner/operator of Circle Beverage, Inc. and DNV Beverage, Inc.  Mr. Cheung, on behalf of DNV Beverage, Inc., entered into a distributor agreement with Defendant Big Geyser on or about July 11, 2008. Additionally, Mr. Cheung, on behalf of Circle Beverage, Inc., entered into a distributor agreement with Defendant Big Geyser on or about September 30, 2016.

27. Upon information and belief Additional Defendant Circle Beverage, Inc. is a New York Corporation having its principal place of business at 7532 Parsons Blvd., Apt. 3E, Flushing, NY 11366.  Additional Defendant Circle Beverage, Inc. entered into a distributor agreement with Defendant Big Geyser on or about September 30, 2016.

28. Upon information and belief Plaintiff Vicki Peng is an individual over the age of 18 and a resident of New York. Ms. Peng is the owner/operator of BeCa Beverage, Inc. and DNV Beverages, Inc.  Ms. Peng, on behalf of DNV Beverages, Inc., entered into a distributor agreement with Defendant Big Geyser on or about July 11, 2008.  Ms. Peng, on behalf of BeCa Beverage, Inc., entered into a distributor agreement with Defendant Big Geyser on or about January 28, 2011.

29. Upon information and belief Plaintiff Peter Cheung is an individual over the age of 18 years old and a resident of New York. Mr. Cheung services Big Geyser accounts under the name DNV Beverage, Inc., since approximately July 2011 to the present.

30. Upon information and belief Additional Defendant DNV Beverage, Inc. is a New York Corporation having its principal place of business at 7532 Parsons Blvd., Apt. E3, Flushing, NY 11366.  Additional Defendant DNV Beverage, Inc. entered into a distributor agreement with Defendant Big Geyser on or about July 11, 2008.

31. Upon information and belief, Additional Defendant BeCa Beverage, Inc. is a New York Corporation having its principal place of business at 42-65 Kissena Blvd., Apt. 210, Flushing, NY 11355.  Additional Defendant BeCa Beverage, Inc. entered into a distributor agreement with Defendant Big Geyser on or about January 28, 2011.

32. Upon information and belief Plaintiff Dominick Celano is an individual over the age of 18 and a resident of New York. Mr. Celano is the owner/operator of Blizzard Beverage Corp.  Mr. Celano, on behalf of Blizzard Beverage Corp, entered into a distributor agreement with Defendant Big Geyser on or about April 12, 2013.

33. Upon information and belief Plaintiff Philip Celano is an individual over the age of 18 and a resident of New York. Mr. Celano is the owner/operator of Blizzard Beverage

Corp.   Mr. Celano, on behalf of Blizzard Beverage Corp, entered into a distributor agreement with Defendant Big Geyser on or about April 12, 2013.

34. Upon information and belief Additional Defendant Blizzard Beverage Corp. is a New York Corporation having its principal place of business at 149-17 9th Ave., Whitestone, NY 11357.  Additional Defendant Blizzard Beverage Corp. entered into a distributor agreement with Defendant Big Geyser on or about April 12, 2013.

35. Upon information and belief Plaintiff Edward Cheung is an individual over the age of 18 and a resident of New York. Mr. Cheung is the owner operator of E & K Beverage Inc. and Bow Beverage Inc.  Mr. Cheung, on behalf of E & K Beverage Inc., entered into a distributor agreement with Defendant Big Geyser on or about September 9, 2005. Mr. Cheung, on behalf of Bow Beverage Inc., entered into an assignment and assumption agreement with Additional Defendant E & K Beverage, Inc. on or about July 27, 2015, whereby Bow Beverage Inc. assumed the route acquired by Defendants E & K Beverage Inc. through its distributor agreement with Defendant Big Geyser dated September 9, 2005.

36. Upon information and belief Plaintiff Kenny Yeung is an individual over the age of 18 and a resident of New York. Mr. Yeung is the owner operator of E & K Beverage Inc..  Mr. Yeung, on behalf of E & K Beverage Inc., entered into a distributor agreement with Defendant Big Geyser on or about September 9, 2005. Mr. Yeung, on behalf of Bow Beverage Inc., entered into an assignment and assumption agreement with Additional Defendant E & K Beverage Inc. on or about July 27, 2015, whereby Bow Beverage Inc. assumed the route acquired by Defendants E & K Beverage Inc. through its distributor agreement with Defendant Big Geyser dated September 9, 2005.

37. Upon information and belief Additional Defendant E & K Beverage Inc. is a New York Corporation having its principal place of business at 73-29 52nd Ave., Maspeth, NY 11378.  Additional Defendant E & K Beverage Inc. entered into a distributor agreement with Defendant Big Geyser on or about September 9, 2005.

38. Upon information and belief Additional Defendant Bow Beverage Inc, is a New York Corporation having its principal place of business at 16043 75th Ave., Fresh Meadows, NY 11366. Additional Defendant Bow Beverage, Inc., entered into an assignment and assumption of agreement with Additional Defendant E & K Beverage Inc. on or about July 27, 2015, whereby Bow Beverage, Inc. assumed the route acquired by Defendant E & K Beverage Inc. through its distributor agreement with Defendant Big Geyser dated September 9, 2005.

39. Upon information and belief Plaintiff Louis Distefano is an individual over the age of 18 and a resident of New York. Mr. Distefano has worked full-time as a Big Geyser distributor from 2004 until present.   Mr. Distefano services Big Geyser accounts under the name Twisted Distributors, Inc.

40. Upon information Plaintiff Helen Dougherty is an individual over the age of 18 years old and a resident of New York. Ms. Dougherty is the owner/operator of Twisted Distributors, Inc.. Ms. Dougherty, on behalf of Twisted Distributors, Inc., entered into a distributor agreement with Defendant Big Geyser on or about August 4, 2004. like Mr. Distefano, services Big Geyser accounts under the name Twisted Distributors, Inc.

41. Upon information and belief Additional Defendant Twisted Distributors, Inc. is a New York Corporation having its principal place of business at 72 Bear Street, Staten Island, NY 10304.  Additional Defendant Twisted Distributors, Inc. entered into a distributor agreement with Defendant Big Geyser on or about August 4, 2004.

42. Upon information and belief Plaintiff Jaroslaw Kuznicki is an individual over the age of 18 and a resident of New York. Mr. Kuznicki is the owner/operator of Cool Spring Corp.  Mr. Kuznicki, on behalf of Cool Springs Corp., entered into a distributor agreement with Defendant Big Geyser on or about March 21, 2000.

43. Upon information and belief Additional Defendant Cool Springs Corp. is a New York Corporation having its principal place of business at 75-46 190th Street, Fresh Meadows, NY 11366.  Additional Defendant Cool Springs Corp. entered into a distributor agreement with Defendant Big Geyser on or about March 21, 2000.

44. Upon information and belief Plaintiff John Gilmore is an individual over the age of 18 and a resident of New Jersey. Mr. Gilmore is the owner/operator of One Drop Distributors, Inc.  Mr. Gilmore, on behalf of One Drop Distributors, Inc., entered into a distributor agreement with Defendant Big Geyser on or about March 11, 1997.

45. Upon information and belief Additional Defendant One Drop Distributors, Inc. is a New York Corporation having its principal place of business at Gypsy Trail Road, Carmel, NY 10512.  Additional Defendant One Drop Distributors, Inc. entered into a distributor agreement with Defendant Big Geyser on or about March 11, 1997.

46. Upon information and belief Plaintiff Jose A. Diaz is an individual over the age of 18 and a resident of New York. Mr. Diaz is the owner/operator of Daisy Beverage Corp.  Mr. Diaz, on behalf of Daisy Beverage Corp., entered into a distributor agreement with Defendant Big Geyser on or about May 14, 2010.

47. Upon information and belief Additional Defendant Daisy Beverage Corp. is a New York Corporation having its principal place of business at 10 Marion Place,

Yonkers, NY 10705.   Additional Defendant Daisy Beverage Corp. entered into a distributor agreement with Defendant Big Geyser on or about May 14, 2010.

48. Upon information and belief Plaintiff Kevin Grande is an individual over the age of 18 and a resident of New York. Mr. Grande is the owner/operator of Midtown Muscle LLC.   Mr. Grande, on behalf of Midtown Muscle LLC, entered into a distributor agreement with Defendant Big Geyser on or about December 21, 2012.

49. Upon information and belief Additional Defendant Midtown Muscle LLC is a Limited Liability Company having its principal place of business at 8841 20th Ave., Apt. 6D, Brooklyn, NY 11214.  Additional Defendant Midtown Muscle LLC entered into a distributor agreement with Defendant Big Geyser on or about December 21, 2012.

50. Upon information and belief Plaintiff Kien Lee is an individual over the age of 18 and a resident of New York. Mr. Lee is the owner/operator of Icon Beverage, Inc. and OMG Beverage, Inc.  Mr. Lee, on behalf of Icon Beverage, Inc., entered into a distributor agreement with Defendant Big Geyser on or about January 28, 2005.  Mr. Lee, on behalf of OMG Beverage, Inc., entered into an assignment and assumption of agreement with Additional Defendant Icon Beverage, Inc. on or about February 4, 2011, whereby OMG Beverage, Inc. assumed the route acquired by Defendant Icon Beverage, Inc. through its distributor agreement with Defendant Big Geyser dated January 28, 2005.

51. Upon information and belief Additional Defendant Icon Beverage, Inc. is a New York Corporation having its principal place of business at 54-24 82nd Street, Second Floor, Elmhurst, NY 11373.  Additional Defendant Icon Beverage, Inc. entered into a distributor agreement with Defendant Big Geyser on or about January 28, 2005.

52. Upon information and belief Additional Defendant OMG Beverage, Inc., is a New York Corporation having its principal place of business at 54-24 82nd Street, Second

Floor, Elmhurst, NY 11373.  Additional Defendant OMG Beverage, Inc. entered into an assignment and assumption of agreement with Additional Defendant Icon Beverage, Inc. on or about February 4, 2011, whereby OMG Beverage, Inc. assumed the route acquired by Defendant Icon Beverage, Inc. through its distributor agreement with Defendant Big Geyser dated January 28, 2005.

53. Upon information and belief Plaintiff Lenny Cesare is an individual over the age of 18 and a resident of New Jersey. Mr. Cesare is the owner/operator of Family Beverage, Inc.  Mr. Cesare, on behalf of Family Beverage, Inc., entered into a distributor agreement with Defendant Big Geyser on or about September 22, 2006.

54. Upon information and belief Additional Defendant Family Beverage, Inc. is a New York Corporation having its principal place of business at 147-03 5th Ave., Whitestone, NY 11357.  Additional Defendant Family Beverage, Inc. entered into a distributor agreement with Defendant Big Geyser on or about September 22, 2006.

55. Upon information and belief Plaintiff Magdalena Cabanilla is an individual over the age of 18 and a resident of New York. Ms. Cabanilla is the owner/operator of Thirsty City Beverage, Inc.  Ms. Cabanilla, on behalf of Thirsty City Beverage, Inc., entered into a distributor agreement with Defendant Big Geyser on or around April 12, 2013.

56. Upon information and belief Additional Defendant Thirsty City Beverage, Inc. is a New York Corporation having its principal place of business at 76-07 Ditmars Ave., Apt. #2, East Elmhurst, NY 11370.  Additional Defendant Thirsty City Beverage, Inc. entered into a distributor agreement with Defendant Big Geyser on or about April 12, 2013.

57. Upon information and belief Plaintiff Robert Bush is an individual over the age of 18 and a resident of New York. Mr. Bush is the owner/operator of Mari-B Beverage

Corp.  Mr. Bush, on behalf of Mari-B Beverage Corp., entered into a distributor agreement with Defendant Big Geyser on or about July 2, 2009.

58. Upon information and belief Additional Defendant Mari-B Beverage Corp. is a New York Corporation having its principal place of business at 31 Halter Lane, Levittown, NY 11756.  Additional Defendant Mari-B Beverage Corp. entered into a distributor agreement with Defendant Big Geyser on or about July 2, 2009.

59. Upon information and belief Plaintiff Michael Talierico is an individual over the age of 18 and a resident of New York. Mr. Talierico is the owner/operator of Matco Distributors, Inc.  Mr. Talierico, on behalf of the Matco Distributors, Inc., entered into a distributor agreement with Defendant Big Geyser on or about July 19, 2004.

60. Upon information and belief Additional Defendant Matco Distributors, Inc. is a New York Corporation having its principal place of business at 14 Elvira CT, Staten Island, NY 10306.  Additional Defendant Matco Distributors, Inc. entered into a distributor agreement with Defendant Big Geyser on or about July 19, 2004.

61. Upon information and belief Plaintiff Dragan Radovich is an individual over the age of 18 and a resident of New York. Mr. Radovich is the owner/operator of Greenway Distributing Corp.  Mr. Radovich, on behalf of Greenway Distributing Corp., entererd into a distributor agreement with Defendant Big Geyser on or about May 25, 2005.

62. Upon information and belief Plaintiff Michael Radovich is an individual over the age of 18 years old and a resident of New York. Mr. Radovich has worked full-time as a Big Geyser distributor from 2005 until present. Along with his father, Dragan Radovich, Michael Radovich services Big Geyser accounts under the name Greenway Distributing Corp.

63. Upon information and belief Additional Defendant Greenway Distributing Corp. is a New York Corporation having its principal place of business at 1159 Greenway Court, Seaford, NY 11783.  Additional Defendant Greenway Distributing Corp. entered into a distributor agreement with Defendant Big Geyser on or about May 25, 2005.

64. Upon information and belief Plaintiff Philip Cesare is an individual over the age of 18 and a resident of New York. Mr. Cesare is the owner/operator of Boardwalk Beverage Inc.  Mr. Cesare, on behalf of Boardwalk Beverage Inc., entered into a distributor agreement with Defendant Big Geyser on or about April 22, 2016.

65. Upon information and belief Additional Defendant Boardwalk Beverage Inc. is a New York Corporation having its principal place of business at 147-03 5th Ave., Whitestone, NY 11357.  Additional Defendant Boardwalk Beverage Inc. entered into a distributor agreement with Defendant Big Geyser on or about April 22, 2016.

66. Upon information and belief Plaintiff Philip Marchese is an individual over the age of 18 and a resident of New Jersey. Mr. Marchese is the owner/operator of VAM Beverage Corp.  Mr. Marchese, on behalf of VAM Beverage Corp., entered into two separate distributor agreements with Defendant Big Geyser to purchase two separate routes on or about November 20, 2012 and January 10, 2014.

67. Upon information and belief Additional Defendant VAM Beverage Corp. is a New York Corporation having its principal place of business at 21 Edward Court, Staten Island, NY 10314.  Additional Defendant VAM Beverage Corp. entered into two separate distributor agreements with Defendant Big Geyser to operate two separate routes on or about November 20, 2012 and January 10, 2014.

68. Upon information and belief Plaintiff Philippe Cabanilla is an individual over the age of 18 and a resident of New York. Mr. Cabanilla is the owner/operator of Bella Vita

Bev. Inc., the owner/operator of Cabanilla Corporation, and the owner/operator of Bronx Bull Beverage.  Mr. Cabanilla, on behalf of Bella Vita Bev. Inc., entered into a distributor agreement with Defendant Big Geyser on or around January 24, 2014.  Mr. Cabanilla, on behalf of Cabanilla Corporation, entered into a distributor agreement with Defendant Big Geyser on or around August 27, 2010. Mr. Cabanilla on behalf of Bronx Bull Beverage, entered into a distributor agreement with Defendant Big Geyser on or around April 13, 2012.

69. Upon information and belief Additional Defendant Bella Vita Bev. Inc. is a New York Corporation having its principal place of business at 19-38 80 Street, Jackson Heights, NY 11370.  Additional Defendant Bella Vita Bev. Inc. entered into a distributor agreement with Defendant Big Geyser on or about January 24, 2014.

70. Upon information and belief Additional Defendant Cabanilla Corporation is a New York Corporation having its principal place of business at 19-30 80th Street, East Elmhurst, NY 11370.   Additional Defendant Cabanilla Corporation entered into a distributor agreement with Defendant Big Geyser on or about August 27, 2010.

71.  Upon information and belief Additional Defendant Bronx Bull Beverage LLC is a Limited Liability Company having its principal place of business at 76-07 Ditmars Boulevard, #2, East Elmhurst, NY 11370.  Additional Defendant Bronx Bull Beverage LLC entered into a distributor agreement with Defendant Big Geyser on or about April 13, 2012.

72. Upon information and belief Plaintiff Stephen Petroglia is an individual over the age of 18 and a resident of New York. Mr. Petroglia is the owner/operator of Beachstone Beverage, Inc. Mr. Petroglia, on behalf of Beachstone Beverage, Inc., entered into a distributor agreement with Defendant Big Geyser on or about October 30, 2009.

73. Upon information and belief Additional Defendant Beachstone Beverage, Inc. is a New York Corporation having its principal place of business at 147-03 5th Ave., Whitestone, NY 11357.  Additional Defendant Beachstone Beverage, Inc. entered into a distributor agreement with Defendant Big Geyser on or about October 30, 2009.

74. Upon information and belief Plaintiff Tim Chan is an individual over the age of 18 and a resident of New Jersey. Mr. Chan is the owner/operator of T&J Distributors, Inc. and Mr. Chan is the owner/operator of Empire East Side Beverage Inc.  Mr. Chan, on behalf of T&J Distributors, Inc., entered into a distributor agreement with Defendant Big Geyser on or about November 27, 2009. Mr. Chan, on behalf of Empire East Side Beverage Inc., entered into a distributor agreement with Defendant Big Geyser on or about August 29, 2013.

75. Upon information and belief Additional Defendant Empire East Side Beverage Inc. is a New York Corporation, having its principal place of business at 48-12 Oceania Street, Bayside, NY 11364.  Additional Defendant Empire East Side Beverage Inc. entered into distributor agreement with Defendant Big Geyser on or about August 29, 2013.

76. Upon information and belief Additional Defendant T&J Distributors, Inc. is a New York Corporation having its principal place of business at 4812 Oceania Street, Oakland Gardens, NY 11364.  Additional Defendant T&J Distributors, Inc. entered into a distributor agreement with Defendant Big Geyser on or about November 27, 2009.

77. Upon information and belief Plaintiff Tommy Peng is an individual over the age of 18 and a resident of New York. Mr. Peng is the owner/operator of ATS Beverage, Inc. Mr. Peng, on behalf of ATS Beverage, Inc., entered into a distributor agreement with Defendant Big Geyser on or about August 25, 2016.

78. Upon information and belief Additional Defendant ATS Beverage, Inc. is a New York Corporation having its principal place of business at 4265 Kissena Blvd., Apt. 210, Flushing, NY 11355.  Additional Defendant ATS Beverage, Inc. entered into a distributor agreement with Defendant Big Geyser on or about August 25, 2016.

79. Upon information and belief Plaintiff Victor Chamorro is an individual over the age of 18 and a resident of New York. Mr. Chamorro is the owner/operator of V&K Beverages Trading, Inc.  Mr. Chamorro, on behalf of V&K Beverages Trading, Inc., entered into a distributor agreement with Defendant Big Geyser on or about November 30, 2001.

80. Upon information and belief Additional Defendant V&K Beverages Trading, Inc. is a New York Corporation having its principal place of business at 23-31 91st St., Apt. 1, East Elmhurst, NY 11369.  Additional Defendant V&K Beverages Trading, Inc. entered into a distributor agreement with Defendant Big Geyser on or about November 30, 2001.

81. Upon information and belief Plaintiff Vincent Mustacchia is an individual over the age of 18 and a resident of New York. Mr. Mustacchia is the owner/operator of J&S Power Beverage, Inc. Mr. Mustacchia, on behalf of J&S Power Beverage, Inc., entered into a distributor agreement with Defendant Big Geyser on or about May 25, 2007.

82. Upon information and belief Additional Defendant J&S Power Beverage, Inc. is a New York Corporation having its principal place of business at 30-28 Murray Lane, Flushing, NY 11354.  Additional Defendant J&S Power Beverage, Inc. entered into a distributor agreement with Defendant Big Geyser on or about May 25, 2007.

83. This Court has jurisdiction to adjudicate the relief sought herein pursuant to the FLSA, and because the Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367(a).

84. Venue is appropriate in this District under 28 U.S.C. § 1391(b) because a substantial part of the event giving rise to the claims occurred in this District.

### **FACTS**

85. Counter-Defendants operated as independent contractors.

86. Counter-Defendants made the decision to enter into a distribution agreement with Big Geyser Inc. and purchase a distribution route after investigating the terms and conditions of the sale, including the price.

87. Many Counter-Defendants did not purchase their distribution route from Big Geyser, Inc., but rather, from another route owner, either directly or directly, through a route broker.

88. Counter-Defendants determined the size and type of route to purchase before they entered into a distribution agreement with Big Geyser, Inc.  (e.g., Counter-Defendants were not obligated to purchase a distribution route delivering products offered by Big Geyser, and were, instead free to purchase any other distribution route).

89. Counter-Defendants recruited, hired, and paid their own employees (typically a driver and helper).

90. Counter-Defendants determined their own hours of work and were responsible for their own business expenses, profits, and loses.

91. Counter-Defendants entered into distributor agreements with Defendant Big Geyser whereby Counter-Defendants, as independent contractor distributors, purchased

rights to distribute products to which Defendant Big Geyser owns the exclusive distribution rights (hereinafter "Route").

92. Pursuant to the distributor agreement between Counter-Defendants and Defendant Big Geyser, during all times that such distributor agreements were in effect, Counter-Defendants agreed to the financial arrangement whereby Counter-Defendants, as a result of their status as independent contractors, were entitled to revenue from the operation of their businesses, including, but not limited to, all profits for sales made while operating their Route (*i.e.*, revenue less operating expenses, hereinafter "Profits").

93. Specifically, Counter-Defendants purchased non-alcoholic beverages and snacks from Big Geyser.

94. Counter-Defendants sold the non-alcoholic beverages and snacks they purchased from Big Geyser to accounts within their Route.

95. Counter-Defendants retained all profits earned while operating a Route and did not remit such profits to Big Geyser.

96. Additionally, as part of the agreement between Defendant Big Geyser and Counter-Defendants, Counter-Defendants had the opportunity to buy or sell their Route and to profit from the sale of their Route in accordance with the terms of the distributor agreement.

97. For Counter-Defendants who sold their Route, Counter-Defendants did not remit the revenue or profits generated from the sale of their Route to Defendant Big Geyser.

98. Counter-Defendants agreed that they were non-employee independent contractors, and as a result of such arrangement, Counter-Defendants kept sale revenues that otherwise would have been retained by Defendant Big Geyser, including, but not limited to Profits. Counter-Defendants were further allowed the opportunity to buy or

sell Routes, and to increase sales and marketing efforts, and to build additional equity, the profit of which otherwise would have been reserved for Defendant Big Geyser.

99. By the parties' actions, Counter-Defendants acknowledged and agreed to the financial arrangement outlined in the distributor agreements.

100. Despite financially benefiting from the financial arrangement, at the expense of Defendant Big Geyser, Counter-Defendants now seek to retain all monies earned as a result of their status as independent contractors (such as Profits and earnings from the sales of routes) and an additional payment in the form of alleged wage payments in addition to the substantial profits obtained under the terms of the distributor agreements.

101. The earnings received by Plaintiffs in operation of a distribution route as an independent contractor of Big Geyser, Inc. more than off-sets any alleged minimum wages, overtime, or other damages sought by Plaintiffs in the Amended Complaint. .

**COUNTERCLAIM FOR RELIEF**
**UNJUST ENRICHMENT – OFFSET (ALTERNATIVELY)**

102. Defendant Big Geyser incorporates paragraphs 1-100 as if fully restated herein.

103. Counter-Defendants were enriched in that they obtained earnings associated with their status as independent contractors, including, for example, Profits, and where applicable, earnings from the sale of Routes.

104. Counter-Defendants were enriched to the detriment of Defendant Big Geyser Inc.'s because Defendant Big Geyser Inc.'s accounts paid Counter-Defendants revenues associated with their status as independent contractors that otherwise would have been reserved for Defendants Big Geyser if Plaintiffs were employees as Plaintiffs allege in the Complaint.

105. Counter-Defendants consented to the financial arrangement set forth in the distributor agreements including their eligibility to receive earnings as a result of their status as independent contractors and ineligibility for wages or benefits under Defendant Big Geyser's benefits plans as evidenced by their conduct and their exercise of their rights to keep such earnings, including but not limited to, Profits and earnings from the sale of Routes.

106. If Counter-Defendants succeed in their claims that they were improperly classified as independent contractors and receive monies as a result of such misclassification, Counter-Defendants would be unjustly enriched by receiving both wages and benefits available to employees, and retaining the earnings they received as a result of their status as independent contractors.

107. Equity and good conscience require that if Counter-Defendants are entitled to monetary relief, Defendant Big Geyser be awarded the value of earnings associated with Counter-Defendants' status as independent contractors including, but not limited to, Profits and earnings from the sale of Routes paid to Counter-Defendants, which also must be an offset any award of wages and/or damages to which they are entitled.

**WHEREFORE**, Defendant Big Geyser demands judgment against Counter-Defendants as follows:

(a)    Dismissing Plaintiffs' Complaint and all claims and causes of action therein with prejudice;

(b)    For an award of damages including but not limited to any Profits, earnings, earnings from the sale of Routes or other remuneration received by Counter-Defendants by virtue of their status as independent contractors, including interest, which exceeds any award of wages, overtime and/or damages to which they may be

60

entitled if Counter-Defendants are deemed to have been employees or by virtue of Plaintiffs' claims in this action.

      (c)     For any such other relief as this Court may deem just and proper.

Dated:  Melville, New York
        March 19, 2018

                                              Respectfully submitted,

                                              JACKSON LEWIS P.C.
*Attorneys for Defendants*
58 S. Service Road, Suite 250
Melville, New York 11747

                                                         s/

By:      _____
         JEFFREY W. BRECHER, ESQ.
         ALEX VILLANELLA, ESQ.
         HEATHER HILI, ESQ.

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2018, the **DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT AND COUNTERCLAIM** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

Susan E. Galvão, Esq.
Stephen J. Brown, Esq.
Bleakley Platt & Schmidt, LLP
One North Lexington Avenue
White Plains, New York 10601
Tel: (914) 287-6193


s/

_____
JEFFREY W. BRECHER

4813-3666-2111, v. 1