UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BRIAN CHAN, et al.,

                       **Plaintiffs,**

      -against-

**BIG GEYSER, et al.,**

                       **Defendants.**
-----------------------------------------------------------------X

17-CV-6473 (ALC)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

    On October 9, 2018, Defendants sought leave to depose two non-party witnesses despite the October 1, 2018 close of fact discovery. Defendants' request is GRANTED in part and DENIED in part.

## BACKGROUND

    On the evening of the final day of fact discovery, Plaintiffs produced declarations from Paul Ortiz, an employee of Counter-Claim Defendant Taste-D Beverage, Inc., which is owned by Plaintiff Daniel Vaccaro, and from Angel Rivera, a former manager of Defendant Big Geyser. ECF No. 219, Defendants' Motion for Discovery, at 1. Defendants requested Plaintiffs' permission to depose Ortiz and Rivera, but Plaintiffs refused. Id. at 2–3. Plaintiffs argued, as they do now, that the declarations were timely disclosed and that Defendants learned about these witnesses previously in discovery. ECF No. 226, Plaintiffs' Letter Response, at 1. Because fact discovery has closed, Defendants seek leave to reopen for purposes of taking these witnesses' depositions.[1]

---

[1] On September 25, 2018, the Court extended the fact discovery deadline until October 31, 2018, for the limited purpose of allowing the parties to identity and respond to documents that have been requested in depositions but have not been produced. ECF No. 212.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/22/2018

**DISCUSSION**

Under Rule 26 of the Federal Rules of Civil Procedure, a party must disclose the name of each individual "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). In addition, a party must supplement its disclosures "in a timely manner . . . if the additional or corrective information has not otherwise been made known to the opposing party during the discovery process." Id. at 26(e)(1)(A).

Plaintiffs identified Paul Ortiz in response to an interrogatory served in March 2018. Thereafter, Defendants attempted to serve a subpoena upon Mr. Ortiz at the address provided. Defendants' process server was unsuccessful, and Defendants sought confirmation that they had the correct address in June. Plaintiffs confirmed that the address provided is the only address Plaintiff Vaccaro possesses. Mr. Ortiz's deposition confirms that he still works for Plaintiff Vaccaro's company.

Plaintiffs' disclosure of Mr. Ortiz's name and last known address is sufficient to provide Defendants with notice of a witness likely to have discoverable information. Although an interrogatory response is not always sufficient to satisfy Rule 26, Defendants displayed actual knowledge of Ortiz's relevance to the case. They tried to serve Ortiz with a subpoena several times, and they contacted Plaintiffs to ensure that they had Ortiz's correct address. Accordingly, because Defendants learned of Ortiz during the discovery process, Plaintiffs have met their obligations under Rule 26.

Defendants object, arguing that Mr. Ortiz intentionally avoided service and that Plaintiffs acted improperly by producing Mr. Ortiz's declaration at the last minute. Defendants, however, could have sought judicial intervention in the months leading up to the close of discovery for an

order directing Mr. Ortiz to appear for a deposition. And while the Plaintiffs' 11th hour production of Mr. Ortiz's declaration is disfavored, it is proper under the case law. Accordingly, under the circumstances, Defendants were sufficiently placed on notice regarding Mr. Ortiz and Defendants' request to depose him outside of the discovery period is denied.

In contrast, Plaintiffs did not satisfy their discovery obligations with respect to Angel Rivera. Plaintiffs were required to disclose Mr. Rivera's identity, as part of either an initial or supplemental disclosure. Plaintiffs failed to do this in a timely manner. Although their initial Rule 26(a) disclosure identified "Big Geyser employees," this is too broad to provide the Defendants, who employ hundreds of employees, sufficient notice as to which particular employees were likely to have discoverable information. See New York v. United Parcel Service, Inc., No. 15-cv-1136 (KBF), 2016 WL 10672104, at *3 (S.D.N.Y. Sept. 8, 2016) (noting that the purpose of Rule 26(a) is to provide notice and to avoid trial by ambush). Similarly, Plaintiffs' supplemental disclosure on October 1, 2018, was also insufficient. Because fact discovery closed the same day, Plaintiffs did not provide Defendants with a meaningful opportunity to investigate a witness that had information in support of Plaintiffs' claims.

In response, Plaintiffs argue that Defendants learned about Mr. Rivera through the discovery process. Plaintiffs emphasize, for example, that Mr. Rivera's name was included in certain document productions and that an important email chain involving Mr. Rivera was the subject of deposition testimony. ECF No. 226, Plaintiffs' Letter Response, at 2. These arguments are unpersuasive. As many courts in this Circuit have noted, the mere mention of a name in a deposition or interrogatory is generally insufficient to satisfy Rule 26's disclosure requirements. Lujan v. Cabana Management, Inc., 284 F.R.D. 50, 72 (E.D.N.Y. 2012) (collecting cases). Further, unlike the situation with Mr. Ortiz, there is no evidence that Defendants had actual

knowledge of Mr. Rivera's relevance to the case. Accordingly, Defendants are permitted to depose Mr. Rivera despite the close of fact discovery. In accordance with Rule 26(a)(1)(A)(i), Plaintiffs shall provide Mr. Rivera's address and telephone number if Plaintiffs have that information in their possession and/or facilitate his appearance at a deposition to occur no later than November 2, 2018.

## CONCLUSION

Defendants' request for relief is GRANTED in part and DENIED in part. Defendants are permitted to depose Angel Rivera, but they are not permitted to depose Paul Ortiz. Further, Plaintiffs shall provide Defendants with Mr. Rivera's address and telephone number if Plaintiffs possess that information and/or facilitate his appearance at a deposition to occur no later than November 2, 2018. The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 219, 226, and 227.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: October 22, 2018
New York, New York