UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

BRIAN CHAN, et al.,

                        Plaintiffs,

       -against-

BIG GEYSER, INC., et al.,

                        Defendants.

-------------------------------------------------------------------X

17-CV-06473 (ALC)(SN)

**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2018

**SARAH NETBURN, United States Magistrate Judge:**

       Plaintiffs request that the Court direct Defendants to remove certain redactions in Defendants' document production. ECF No. 225. In response, Defendants state that they redacted the information because it is (1) protected by work product immunity or attorney-client privilege; (2) highly sensitive business information; or (3) confidential employee information irrelevant to the case.[1] ECF No. 234. The Court reviewed *in camera* 11 exemplars identified by Plaintiffs. Based on the Court's review, Plaintiffs' request is GRANTED in part and DENIED in part.

## DISCUSSION

### I.    Work Product Immunity

       The work product doctrine, now codified in part in Rule 26(b)(3) of the Federal Rules of Civil Procedure, provides qualified protection for materials prepared "in anticipation of litigation" by a party or the party's representative. Fed. R. Civ. P. 26(b)(3); <u>In re Grand Jury</u>

---

[1] Throughout their privilege log, Defendants state that various documents are protected because of "Attorney-Client Privilege/Work Product." ECF No. 225, Exhibit #2. Because the redacted statements were not made for the purpose of obtaining legal advice — and because Defendants' letter response focuses largely, if not exclusively, on the work product doctrine — the Court's analysis focuses on work product immunity.

Subpoenas Dated Mar. 19, 2002 and Aug. 2, 2002, 318 F.3d 379, 383 (2d Cir. 2003). The doctrine is intended to "preserve a zone of privacy in which a lawyer can prepare and develop legal strategy with an eye toward litigation." United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting Hickman v. Taylor, 329 U.S. 495, 510–11 (1947)) (internal quotation marks omitted). At its core, work product immunity shelters the mental processes of the attorney, providing a privileged area within which she can analyze and prepare her client's case. United States v. Nobles, 422 U.S. 225, 238 (1975)).

Under Rule 26(b)(3), three conditions must be fulfilled for work product protection to apply. The material must (1) be a document or tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for his representative. Security and Exchange Commission v. Yorkville Advisors, 300 F.R.D. 152, 159 (S.D.N.Y. 2014) (quoting In re Grand Jury Subpoenas Dated Dec. 18, 1981 & Jan. 4, 1982, 561 F. Supp. 1247, 1257 (E.D.N.Y. 1982)). A document is prepared in anticipation of litigation when it was created "because of" the prospect of litigation. Adlman, 134 F.3d at 1203–04 (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2024 (3d ed. 1994)). Accordingly, the work product doctrine does not apply to "documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation." Id. at 1202.

The party invoking a privilege must demonstrate its applicability. In re Grand Jury Subpoenas Dated Mar. 19, 2002 and Aug. 2, 2002, 318 F.3d 379, 384 (2d Cir. 2003). Further, privileges are recognized "only to the very limited extent that . . . excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth." Trammel v. United States, 445 U.S. 40, 51 (1980). Thus, work product

immunity must be narrowly construed, and its application must be consistent with its underlying purposes. In re Weatherford International Securities Litigation, 11-CV-1646, 2013 WL 12185082, at *3 (S.D.N.Y. Nov. 19, 2013); see also United States v. International Bhd. of Teamsters, 119 F.3d 210, 214 (2d Cir. 1997) (noting that when privilege interferes with the public's right to evidence, it must be "strictly confined within the narrowest possible limits consistent with the logic of its principle").

## II. Application to Defendants Privilege Log

### A. General Application

Most of the exemplars are weekly reports created by Big Geyser's upper management. Defendants have made a series of redactions based on, among other things, work product immunity and attorney-client privilege. The Court addresses these redactions in general terms before moving to the individual documents at issue.

The weekly reports are documents from Individual Defendant Jerry Reda (Big Geyser's COO) to Individual Defendants Lewis Hershkowitz (Big Geyser's CEO) and Steven Hershkowitz (one of Big Geyser's owners). Accordingly, it is clear that the reports are "a document or tangible thing" that were "prepared by a party."

It is a closer call, however, whether the redacted portions of the reports were created in anticipation of litigation. (There is no argument that the weekly reports themselves were created in anticipation of the litigation; these are plainly business documents created in the ordinary course.) Under Adlman, courts consider "what would have happened" had there not been a threat of litigation — that is, whether the party asserting the privilege would have prepared the documents if it were acting solely for non-litigation purposes. Wultz v. Bank of China Ltd, 304 F.R.D. 384, 395 (S.D.N.Y. 2015). If the documents would have been generated absent the threat

of litigation, they are not protected. Id. Here, virtually all the reports were created after litigation was reasonably foreseeable.[2] And at least for the most part, there is little reason why Mr. Reda would have made these statements about "route owners" absent Plaintiffs' threatened litigation. Accordingly, applying the Adlman standard mechanically, there is an argument that the redacted portions of the weekly reports were prepared "because of" the prospect of litigation.

But work product immunity is not applied mechanically. See In re Steinhardt Partners, L.P., 9 F.3d 230, 235 (2d Cir. 1993) ("Common sense and the practicalities of litigation define the limits of the work product doctrine."). Indeed, as with all privileges, the Court must consider the doctrine's purpose when deciding whether documents are protected. In re Weatherford International, 2013 WL 12185082, at *3. The purpose of work product immunity is to preserve a zone of privacy in which a party (or a party's representative) can develop *legal strategy* with an eye toward litigation. Adlman, 134 F.3d at 1196 (emphasis added). Most statements redacted in the weekly reports do not concern Defendants' legal strategy and therefore are not protected.

Throughout the weekly reports, Mr. Reda discusses his reaction to Plaintiffs' litigation. The statements are most analogous to an internal public relations campaign; they discuss how Big Geyser should maintain the effectiveness of its managers, employees, and suppliers in the wake of Plaintiffs' lawsuit. As a general matter, public relations activities, even if they bear on anticipated litigation, fall outside the ambit of the work product doctrine. Bloomingburg Jewish Education Center v. Village of Bloomingburg, 171 F. Supp. 3d 136, 142 (S.D.N.Y. 2016). The rationale is simple: the purpose of the doctrine is to provide a zone of privacy "for strategizing

---

[2] On July 21, 2017, Plaintiffs' counsel sent a letter to Big Geyser stating that the Plaintiffs had engaged counsel to represent their legal interests relating to claims arising from violations of the Fair Labor Standards Act and New York Labor Law. The letter provided formal notice that Defendants were to place a litigation hold on all records relating to Plaintiffs' claims. See ECF No. 224, Second Amended Complaint, at 42–43. 10 out of the 11 exemplars were created after Big Geyser received this letter.

4

about the conduct of litigation itself," not for strategizing "about the effects of the litigation on the client's customers, the media, or on the public in general." Calvin Klein Trademark Trust v. Wachner, 198 F.R.D. 53, 55 (S.D.N.Y. 2000). Although Mr. Reda's statements are broadly concerned with Plaintiffs' litigation, most do not involve or contribute to Defendants' legal strategy. Accordingly, they are not protected by work product immunity. See, e.g., Egiazaryan v. Zalmayev, 290 F.R.D. 421, 436 (S.D.N.Y. 2013) (denying work product immunity when the redacted documents related solely to public relations strategy and contained no discussion of legal strategy or attorney opinions or impressions); Costabile v. Westchester, N.Y., 254 F.R.D. 160, 164 (S.D.N.Y. 2008) (noting that documents created by an attorney's agent are protected if the agent performed "investigative or analytical tasks to aid counsel in preparing for litigation").

To be sure, the Court of Appeals for the Second Circuit has rejected the view that a document must be created "primarily or exclusively to assist in litigation." United States v. Adlman, 134 F.3d 1194, 1198 (2d Cir. 1998). In Adlman, the IRS sought to obtain a 58-page legal analysis that the defendant's attorney had drafted while evaluating the tax consequences of a contemplated merger. Id. at 1195. The court held that a document created because of anticipated litigation, which tends to reveal mental impressions, conclusions, opinions, or theories concerning the litigation, does not lose protection merely because it is intended to assist in the making of a business decision influenced by the likely outcome of the anticipated litigation. Id.

Adlman does not justify Defendants' redactions. Although Adlman held that documents do not need to be created "primarily" to assist in litigation, the court made clear that the documents must nevertheless have *some* relationship with the party's litigation strategy. See Adlman, 134 F.3d at 1199 ("[W]ork-product protection should not be denied to a document that

5

*analyzes expected litigation* merely because it is prepared to assist in a business decision.") (emphasis added).[3] Here, large portions of the weekly reports have no relationship with Defendants' "mental impressions, opinions, or theories concerning the litigation." Id. at 1195. Accordingly, even though the statements may have been created "because of" Plaintiffs' lawsuit, they are not protected under work product immunity because they do not relate to Defendants' legal strategy.

### B. Specific Documents

Applying these general principles, the Court reaches the following conclusions regarding Defendants' redactions.

#### 1. Document D005315–5320

Document D005315–5320 is a weekly report from Jeffery Reda, Big Geyser's COO, to Lewis and Steven Hershkowitz, Big Geyser's CEO and Big Geyser's owner, respectively. Defendants redacted a single statement in Document D005317. Though related to Plaintiffs' lawsuit, the statement does not analyze the expected litigation nor contribute to Defendants' legal strategy. Accordingly, Defendants must produce the document with the statement unredacted.

#### 2. Document D005339–5343

Document D005339–5343 is also a weekly report from Mr. Reda. Several portions of the document are protected by work product immunity. These statements reference Defendants' attorneys and reflect, at least to a limited extent, the attorneys' opinions and mental impressions regarding the litigation. Accordingly, the following paragraphs may be redacted: (1) the

---

[3] The court made this point repeatedly. See, e.g., Adlman 134 F.3d at 1197 ("This case involves [the] question . . . whether Rule 26(b)(3) is inapplicable to a *litigation analysis* prepared by a party or its representative in order to inform a business decision . . ."); id. at 1202 ("Where a document is created because of the prospect of litigation, *analyzing the likely outcome of that litigation*, it does not lose protection . . . merely because it is created . . . to assist with a business decision.") (emphasis added in both).

paragraph in Document D005340 that begins "I was;" and (2) both redacted paragraphs in Document D005341.

In contrast, the remaining redacted statements are not covered by the work product doctrine. The statements discuss how Big Geyser should manage the effects of Plaintiffs' litigation with respect to its managers, employees, and suppliers. The statements do not analyze the likely outcome of the litigation or reveal Defendants' legal strategy. Thus, the documents must be reproduced with these statements unredacted.

### 3. Document D005345–5350

Document D005345–5350 is Mr. Reda's weekly report from September 22, 2017. Several statements are covered by the work product doctrine. Mr. Reda mentions, for example, a strategy to oppose Plaintiffs' litigation, as well as an attorney's evaluation of the Defendants' claims. Thus, the following statements may be redacted because they relate to Defendants' legal strategy: (1) the sentence that begins, "Alex called," in Document D005346; and (2) the paragraph that begins "On Monday" in Document D005347. Further, erring on the side of caution, Defendants may also redact: (3) the paragraph that begins "It is my belief" and (4) the paragraph that begins "I have not," both of which are in Document D005347. Although lacking context, the Court finds that these statements can be reasonably understood to refer to Defendants' litigation choices during the lawsuit.

Nevertheless, Defendants must remove the other redactions. Mr. Reda describes a manager's general reaction to the litigation; emphasizes the importance of maintaining Big Geyser's productivity; and makes vague statements that Plaintiffs' litigation will be resolved "in due time." These statements do not inform or otherwise reveal Defendants' litigation position. Accordingly, they are not protected by work product immunity and cannot be redacted.

#### 4. Document D005352–5357

Document D005353–5357 is Mr. Reda's weekly report from August 27, 2017. Mr. Reda reveals his mental impressions regarding Plaintiffs' litigation and, in doing so, contributes to Defendants' legal strategy. Thus, the paragraph in Document D005354 that begins, "I spent" was properly redacted. The remaining statements do not involve Defendants' legal strategy and must be produced in unredacted form.

#### 5. Document D005359–5364

Document D005359–5364 is Mr. Reda's weekly report from July 29, 2017. Defendants contend that certain statements were redacted because they contain highly sensitive business information. ECF No. 234 at 1–2. The Court has previously addressed this issue in an Order on August 2, 2018. Though permitting the parties to redact sensitive business information, the Court directed that any redactions "must be disclosed to the opposing party with an explanation of why that information has been redacted." ECF No. 174. Here, Defendants properly redacted Mr. Reda's statements under the "Supplier Issues" heading in Document D005362.[4] These statements reveal sensitive business information and could be redacted under the Court's prior Order. To the extent they have not done so, Defendants are directed to provide Plaintiffs with an explanation of why this information has been redacted.

Defendants contend that the remaining redactions were justified based on work product immunity or attorney-client privilege. The work product doctrine protects the sentence that begins "I can" in Document D005359. The Court again errs on the side of caution with this

---

[4] Defendants did not indicate which statements were redacted because they contain sensitive business information. Based on context, however, the statements under the "Supplier Issues" heading are the only statements that could fairly be characterized as containing this type of information.

statement. Because it can reasonably be understood to refer to Defendants' legal strategy, it is covered by work product immunity.

The remaining statements, however, must be produced in unredacted form. The statements detail the general reaction of Mr. Reda and certain individual managers to Plaintiffs' threatened litigation. Mr. Reda expresses a desire to move forward and ensure the potential lawsuit does not become a distraction to the business. Accordingly, because Mr. Reda's statements do not involve Defendants' legal strategy or analyze the expected litigation, they are not protected by work product immunity.

### 6. Document D005394–5399

Document D005394–5399 is Mr. Reda's weekly report from October 8, 2017. In Document D005396, Mr. Reda refers to his interactions with defense counsel and discusses either his own or his attorney's strategy to oppose Plaintiffs' litigation. These statements are therefore protected by work product immunity and were properly redacted. Similarly, because the statements in Document D005398 reveal highly sensitive business information, they too were properly redacted. Pursuant to the Court's August 2 Order, Defendants should provide Plaintiffs with an explanation of why this information has been redacted if they have not done so already.

### 7. Document D005408–5413

Document D005408–5413 is Mr. Reda's weekly report from November 10, 2017. In Document D005411, Mr. Reda twice refers to sensitive business information. These statements were properly redacted by Defendants. Similarly, Defendants may redact the paragraph on Document D005410 that begins, "We need." Because Mr. Reda evaluates the likely outcome of Plaintiffs' litigation, his statement is protected by work product immunity.

The remaining statements must be unredacted. Mr. Reda describes his managers' feelings towards the route owners and makes vague statements about "patience" and "staying the course." Although Mr. Reda mentions certain Plaintiffs by name, these statements are more akin to a business strategy intended to effectively manage his employees, rather than a legal strategy to oppose Plaintiffs' litigation. The fact that Mr. Reda sought counsel is not privileged, and more importantly, the communication does not reveal anything about the advice sought or received. For these reasons, Defendants must eliminate these redactions from Document D005408–5413.

### 8. Document D005415–5420

Document D005415–5420 is Mr. Reda's weekly report from October 15, 2017. In certain statements, Mr. Reda evaluates Plaintiffs' litigation position and discusses particular strengths of Defendants' case. Similarly, at another point, Mr. Reda mentions his attorney's evaluation of Plaintiffs' lawsuit. Because these statements analyze the expected litigation or elucidate Defendants' legal strategy, they are protected under work product immunity. Defendants also properly redacted a statement because it contains sensitive business information about a third party. Defendants may therefore redact the following portions of the October 15 weekly report: (1) the paragraph that ends "our positions" in Document D005417; (2) the paragraph that begins "I spoke" in Document D005417; and (3) the sentence in Document D005418 that ends "their brand."

Defendants must produce the rest of the report in unredacted form. Mr. Reda's statements do not reveal Defendants' legal strategy or analyze the likely outcome of Plaintiffs' litigation. Mr. Reda discusses, for example, how the company should move forward as a business both during and at the conclusion of Plaintiffs' lawsuit. Although Mr. Reda mentions an attorney's name in passing, that alone is insufficient to acquire work product protection. See

Wultz, 304 F.R.D. at 393 (noting that the work product doctrine "is not satisfied merely by a showing that the material was prepared at the behest of a lawyer or was provided to a lawyer"). Thus, outside of the three statements described above, Document D005415–5420 cannot be redacted.

### 9. Document D008462–8464

Document D008462–8464 is an email chain from December 05, 2017. Defendants redacted two emails at the end of the chain: an email from Mr. Reda to Individual Defendant Kayte Mooney, and Ms. Mooney's response. An individual named Joseph Galioto is carbon copied on each of the emails.

These emails are not protected by work product immunity. Mr. Reda emphasizes the importance of customer service and states that Big Geyser's route owners should be held accountable if they do not service their accounts; Ms. Mooney replies that the route owners have been uncooperative with regard to a particular set of orders. These statements reveal Big Geyser's business strategy in dealing with the company's route owners, not Defendants' litigation strategy in responding to Plaintiffs' allegations. Accordingly, Document D008462–8464 must be reproduced in unredacted form.

### 10. Document D009959–9962

Document D009959–9962 is another weekly report from Mr. Reda to Lewis and Steven Hershkowitz. In Document D009962, Mr. Reda reveals sensitive business information related to Big Geyser. Accordingly, Defendants acted properly when they redacted this statement from their document production.

In contrast, Defendants must remove the redactions from Document D009961. Unlike the previous weekly reports, this document is from November 1, 2015, approximately a year and a

half before Defendants became aware of the prospect of litigation. Thus, the statements were not made in anticipation of litigation and therefore are not protected by work product immunity. Although Mr. Reda's statements seem to refer to an attorney, there is no evidence that these statements, which were sent to two non-lawyers, were made for the purpose of obtaining legal advice.

### 11. Document D003106–3108

Document D003106–3108 is an email chain from January 2018. Defendants redacted portions of an email from Ms. Mooney to Mr. Reda and another individual named Mike Anile. Defendants argue that they redacted the email because, among other things, it reveals confidential employee information that is irrelevant to Plaintiffs' litigation. ECF No. 234, at 2. The Court has already addressed this issue in its August 2 Order. Specifically, the Court stated that the parties may withhold entire documents that relate to non-party employment matters. The parties may not, however, redact unresponsive portions of produced documents, even if those portions refer to Big Geyser's non-party employees. See ECF Nos. 176 & 183, at 28–29. Thus, Defendants cannot redact either statement in Document D003108 that refers to "Monica G."

Defendants also contend that they redacted information because it is protected by attorney client privilege and/or work product immunity. ECF No. 225, Exhibit #2. Although Ms. Mooney refers to a Counterclaim Defendant, there is no indication that she made the statement for the purpose of obtaining legal advice or that she is discussing Defendants' legal strategy. Accordingly, Defendants may not redact the statement that begins "As a follow up" on Document D003107–3108.

## CONCLUSION

Defendants shall remove the improper redactions in the 11 exemplars and in all other similarly redacted materials. As a general matter, statements that discuss how Big Geyser should manage its managers, employees, and suppliers in the wake of Plaintiffs' litigation will not be protected by work product immunity. Although these statements are broadly concerned with Plaintiffs' lawsuit, they do not analyze the likely outcome of the litigation or reveal Defendants' legal strategy. Defendants shall produce the corrected versions to Plaintiffs, and any other documents consistent with this ruling, within 14 days of this Order.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   November 21, 2018
         New York, New York