UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BRIAN CHAN, et al.,

                                  **Plaintiffs,**                  17-CV-6473 (ALC)(SN)

      -against-                                             **ORDER**

BIG GEYSER, INC., et al.,

                                **Defendants.**
------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       On September 29, 2018, Defendants noticed four non-party document subpoenas. Three of the subpoenas were submitted to Plaintiffs' former, current, or prospective employers. These subpoenas requested information related to Plaintiffs' employment records, including resumes and employment applications. Defendants argued that these records were relevant because they demonstrated how Plaintiffs represented their relationship with Big Geyser to third parties. ECF No. 220, at 3–5.

       As relevant here, on October 16, 2018, the Court quashed the three employment-related subpoenas. ECF No. 231. The Court reasoned that plaintiffs' view of their work relationship with Big Geyser was not a factor under the economic realities test and, in any event, any probative value was outweighed by burden and prejudice. Defendants request leave to file a motion for reconsideration, or alternatively, that the Court amend its October 16 Order to state that the evidence sought is not a "*dispositive* factor." ECF No. 242. Defendants' request is DENIED.

## LEGAL STANDARD

       Reconsideration of the Court's prior order is an extraordinary remedy, and the standard of review applicable to such a motion is strict. In re Facebook, Inc., IPO Sec. & Derivative Litig.,

43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC, 841 F.3d 122 (2d Cir. 2016) (internal citations and quotation marks omitted). Accordingly, the Court will deny a motion for reconsideration unless the moving party demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Schoolcraft v. City of New York, 298 F.R.D. 134, 136 (S.D.N.Y. 2014) (quoting Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372, 375–76 (S.D.N.Y. 2007)). A motion for reconsideration may not be used to advance new arguments not previously presented to the Court. Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001).

**DISCUSSION**

In Brock v. Superior Care, the Court of Appeals adopted an "economic realities" test to determine whether an individual is an employee under the Fair Labor Standards Act. 840 F.2d 1054, 1058–59 (2d Cir. 1988). Defendants contend that the Court's Order is inconsistent with Brock and other controlling precedent because it could be read to suggest that the plaintiffs' view of their work relationship is *never* relevant under the economic realities test. ECF No. 242, at 1–2. Defendants misconstrue the Court's Order.

The Court began its analysis by quoting the five-factor test enumerated in Brock.[1] The Court then remarked that "plaintiffs' view of their work relationship with Big Geyser is not a factor to be considered under the economic realities test" — in other words, that Plaintiffs' understanding of their work relationship is not one of the Brock factors. Defendants have not

---

[1] Those factors include: (1) the degree of control exercised by the employer over the workers; (2) the workers' opportunity for profit or loss and their investment in the business; (3) the degree of skill and independent initiative required to perform the work; (4) the permanence or duration of the working relationship; and (5) the extent to which the work is an integral part of the employer's business. Brock, 840 F.2d at 1058–59.

demonstrated that this statement of the law is incorrect. Moreover, the Court expressed the view that the defendants press here: that no factor is dispositive, and that the test is ultimately based on the "totality of the circumstances." Thus, under a totality of the circumstances analysis, the Court further concluded that the probative value was outweighed by other discovery-related considerations. Thus, the Court did not hold that plaintiffs' understanding of their work relationship was irrelevant to ultimate merits question in this case; only that its relevance was outweighed by considerations of burden, prejudice, and cumulativeness.[2]

## CONCLUSION

Defendants' request for leave to file a motion for reconsideration, or alternatively, for the Court to amend its October 16 Order, is DENIED. Defendants have failed to establish a need to correct a clear error or prevent manifest injustice. The Court respectfully directs the Clerk of Court to terminate the motion at ECF No. 242.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   November 26, 2018
         New York, New York

---

[2] For the first time, Defendants contend that their subpoenas are relevant to "Defendants' defense that Plaintiffs are exempt or excluded from minimum wage and overtime under the FLSA and New York Labor Law." ECF No. 242, at 2–3. But a motion for reconsideration cannot be used to advance new arguments. Accordingly, Defendants' "outside sales" argument does not provide a basis for the Court to grant leave to file a motion for reconsideration.